FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 29 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WESLEY SOMMERVILLE,

                Plaintiff,

    -against-

NYPD et al., Detective LINDSEY FAYE
# 2459, Detective JOHN WRIGHT #6196,
Sgt. KELLY, Tax No. 897780,
C.I. #06-001752, MICHAEL GUEVARA,

                Defendants.
----------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

12-CV-00165 (KAM)(JMA)

DOCKET & FILE

**MATSUMOTO, United States District Judge:**

        On December 2, 2011, plaintiff Wesley Sommerville, who is currently incarcerated at Sing Sing Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against "NYPD et al.,"[1] Detective Lindsey Faye, Detective John Wright, Sergeant Kelly,[2] "CI #06-001752,"[3] and Michael Guevara (collectively, "defendants"), in the United States District Court for the Southern District of New York and requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. By order dated January 12, 2012, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) the action was transferred to the Eastern District

---

[1] The court construes this name as referring to the New York City Police Department ("NYPD").
[2] Plaintiff did not include a given name for this defendant.
[3] Plaintiff's complaint indicates that "CI" is an abbreviation for "Confidential Informant."

1

of New York because a substantial part of plaintiff's claims arose in Brooklyn, New York.

The court grants plaintiff's motion to proceed in forma pauperis. In addition, for the reasons set forth below, plaintiff's claims against Detective Wright and Sergeant Kelly may proceed, but his claims against the NYPD is dismissed because the NYPD is not a suable entity and his claims against Confidential Informant #06-001752, Detective Faye, and Mr. Guevara are dismissed for failure to state a claim.

## BACKGROUND

The following facts are drawn from plaintiff's complaint and taken as true for purposes of this order. On December 12, 2006, Sergeant Kelly confiscated plaintiff's car. (ECF No. 2, Complaint ("Compl.") at 3.) At that time, Detective Wright informed plaintiff that he could call a given phone number to determine whether the car was stolen or contained stolen parts. (Id.) Plaintiff "called [the number] for approximately one year." (Id.)

On November 16, 2007, plaintiff "went to meet up with the detectives" and was arrested, although the case "was ultimately dismissed [on] November 23, 2009." (Id.) On December 2, 2009, he received a "District Attorney release" for

his car. (*Id.*) When plaintiff attempted to retrieve the car, however, it could not be found. (*Id.*) After conducting an investigation, personnel at the "vehicle seizure unit" informed plaintiff that the car had been "given to the owner" in 2010. (*Id.*)

Plaintiff alleges that the defendants violated his Fourth and Fourteenth Amendment rights by stopping, searching, and seizing his vehicle without probable cause or a warrant. (*Id.*) Plaintiff claims that his injuries include "stress and mental anguish" and pain in his hip and back "from walking and carrying all of [his] stuff from the precinct." (*Id.*) Plaintiff seeks compensation for the loss of his car and the "business that [he] lost because of this case," and punitive damages and criminal prosecution against certain defendants for entrapment and falsifying a report, for a total of "$500,000.00 for all of these damages." (*Id.* at 5.)

## DISCUSSION

I. **Standard of Review**

A. **Dismissal of Prisoner Action**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

### B. Dismissal of an *In Forma Pauperis* Action

Similarly, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft*

4

v. *Iqbal*, --- U.S.---, 129 S.Ct. 1937, 1949-50 (2009)). To survive dismissal, however, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### C. *Pro Se* Submissions

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and that the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011). Although the court applies these less stringent standards in analyzing plaintiff's claims, the court also notes that a "*pro se* plaintiff is not relieved of pleading requirements, and failure to plead the basic elements of a cause of action may result in dismissal." *Andino v. Fischer*, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010); *Pandozy v. Segan*, 518 F. Supp. 2d 550, 554 (S.D.N.Y. 2007) ("[P]*ro se* status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure.")

### II. The New York Police Department is Not a Suable Entity

The court dismisses the complaint against the New York City Police Department ("NYPD") because the NYPD is not a suable entity. Section 396 of the New York City Charter provides that

5

"[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009).[4] "Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *see, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity). Therefore, because the NYPD cannot be sued, the complaint is dismissed as to the NYPD pursuant to 28 U.S.C. § 1915A(b).

### III. Sufficiency of the Pleadings as to Section 1983 Claim

#### A. Pleading Standard

In relevant part, 42 U.S.C. § 1983 ("Section 1983") provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

---

[4] This provision is accessible at http://www.nyc.gov/html/charter/downloads/pdf/citycharter2009.pdf (last visited February 29, 2012).

6

>     action at law, suit in equity, or other
>     proper proceeding for redress . . . .

Section 1983 itself does not create any substantive rights; rather, it provides a procedural mechanism for redressing the deprivation of rights created by the Constitution or laws of the United States. *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To state a cognizable claim under Section 1983, plaintiffs must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 568 (E.D.N.Y. 2011) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)).

### B. Application

Liberally construing the complaint and accepting plaintiff's well-pleaded allegations as fact, the court finds that the complaint fails to state a Section 1983 claim against Confidential Informant #06-001752, Detective Faye, or Michael Guevara. It appears that plaintiff is suing all defendants for the unreasonable search and seizure of his vehicle, but plaintiff nowhere alleges that Detective Faye, Confidential

Informant #06-001752, or Mr. Guevara played any role in causing the search or seizure. Plaintiff's speculation whether Michael Guevara is Confidential Informant #06-001752 is insufficient to state a claim. In fact, the complaint does not assert *any* wrongs allegedly committed by any of these three defendants. Therefore, the claims against Confidential Informant #06-001752, Detective Faye, and Mr. Guevara must be dismissed for failure to state a claim. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (affirming dismissal of Section 1983 claims because plaintiff "failed to allege sufficient personal involvement on [defendant's] part to make him liable under [Section] 1983"); *Aguiar v. Terrell*, No. 11-CV-3944, 2011 WL 3665170, at *1 (E.D.N.Y. Aug. 19, 2011) (dismissing Section 1983 claim against defendant because plaintiff failed to "allege facts to support a claim that [defendant] had any personal involvement in the alleged deprivation of plaintiff's civil rights").

## CONCLUSION

For the foregoing reasons, plaintiff's claims against the NYPD are dismissed because the NYPD is not a suable entity. In addition, plaintiff's claims against Detective Faye, Confidential Informant #06-001752, and Mr. Guevara are dismissed for failure to state a claim. Accordingly, it is hereby:

**ORDERED** that plaintiff's claims against defendant NYPD are dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this defendant; and it is further

**ORDERED** that plaintiff's claims against Confidential Informant #06-001752, Detective Faye, and Mr. Guevara are dismissed for failure to state a claim. *See id.* No summons shall issue as to these defendants; and it is further

**ORDERED** that the United States Marshals Service is directed to serve the summons and complaint upon Detective John Wright and Sergeant Kelly, without prepayment of fees; and it is further

**ORDERED** that the Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel of the City of New York, Special Federal Litigation Division, and note service on the docket; and it is further

**ORDERED** that the Clerk of the Court shall mail a courtesy copy of this Memorandum and Order to the plaintiff and note service on the docket; and it is further

**ORDERED** that this case be referred to the Honorable Joan M. Azrack, United States Magistrate Judge, for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore

*in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.



/S/

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: February 29, 2012
       Brooklyn, New York