FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

Docket and Fig.   ★ JAN 07 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WESLEY SOMMERVILLE,

                                  Plaintiff,

      -Against-


DETECTIVE WRIGHT and SERGEANT KELLY,

                                 Defendants.

**AMENDED COMPLAINT
TO DEFENDANTS MOTION
WITH RESPECT TO
INSTANT PROCEEDING**

**12-CV-165 (KAM) (JMA)**

**JURY TRIAL
DEMANDED**

---

      Plaintiff, Wesley Sommerville, acting in pro se to this Court, affirms under penalties of perjury, that the foregoing is accurate to plaintiff's own knowledge and belief.

1.     That on or about December 5, 2012 Defendants by their Counsel, Michael A. Cardozo, Esq., Melanie Speight, Esq., of Counsel, requested that Plaintiff amend his complaint and submit such on or before January 7, 2013 to This Court in the above-captioned proceeding, presently before this Court following Defendants motion to dismiss.

2.     On December 12, 2006 plaintiff was subject to a vehicle stop at Atlantic & Carlton Avenue, Brooklyn, New York. According to the initial complaint filed by NYPD Detective Wright and his partner Sergeant Kelly, Wright observed plaintiff make a right turn on a red light following which, Wright pulled plaintiff over. Wright allegedly observed that the vehicle was missing a federal decal on the driver's side door, which is required by law. That plaintiff provided a valid registration, insurance, and NY State driver's license. It is alleged that Wright's partner (Sergeant Kelly) listed as the arresting

officer arrived on the scene to assist Wright. That the arresting officer (Kelly) and Wright informed plaintiff that Kelly and Wright were taking the car back to the 78th precinct, and that the plaintiff could get the car back when the plaintiff produced the title for the vehicle. Subsequently, in January of 2007, the arresting officer allegedly observed that the VIN number inside the engine compartment did not match the VIN number on any other part of the vehicle. Allegedly, the arresting officer ran the VIN number from the engine compartment and observed that the vehicle was reported stolen on October 10, 2006 in Nassau County. That the arresting officer contacted the (complaining witness) and that the (complainant) came to the 78 Precinct and positively identified the vehicle. Allegedly, the arresting officer continued to contact the plaintiff but the plaintiff never contacted back.[1] That on November 16, 2007, plaintiff contacted the arresting officer in regards to the vehicle, and that the arresting officer then had the plaintiff come down to the precinct and placed plaintiff under arrest.[2]

3.     According to NYPD Property Clerk's Motor Vehicle/Boat Invoice [**B 074696 V**] dated 12/12/06, the vehicle was placed in impound. According to the records of the Kings County District Attorney's office, the vehicle was not released from Evidence until November 23, 2009, at which time, the Kings County District Attorney's office released the vehicle to plaintiff on the date of December 2, 2009.[3] Plaintiff was directed to the vehicle seizure unit by the Kings County District Attorney's office in February 2010.

---

[1] Note: If plaintiff produced a vehicle registration and insurance on the vehicle in question which he bought [As Is] from the seller in New York which is a registration State, even if the vehicle is registered in North Carolina as instantly, which is also a registration State, then vehicle ownership is clearly established as belonging to plaintiff, and the Kings County District Attorney's office recognized such when issuing plaintiff a release on the vehicle to reclaim such from police impound.
[2] See: Complaint Room Screening Sheet (Kings County District Attorney) Attached as Exhibit #1
[3] See: Plaintiff's Exhibit #1 on file with this Court in plaintiff's reply to answer to defendants letter with respect to time bars previously submitted to This Court in November 2012, copies of which were sent to defendants counsel.

**SOMMERVILLE V. WRIGHT**          2
**12-CV-165 (KAM) (JMA)**

4.     Plaintiff's criminal charges relating to the vehicle were dismissed and sealed pursuant to New York Criminal Procedure Law § 160.50.[4]

5.     When plaintiff went to retrieve his vehicle in February 2010 from the New York City Police Department Impound with the release papers supplied by the Kings County District Attorney's office, the vehicle was not to be found.[5]

6.     Further, note is made that the person, who sold plaintiff the vehicle, sold such to plaintiff, knowing that such was a vehicle with an altered engine VIN.  Plaintiff as the purchaser bought the vehicle [As Is] from the seller (Michael Gruevara) and with the [As Is] factor of purchase, any changes in the vehicle VIN would be upon the seller of the vehicle. Upon information and belief, the vehicle seller was and is a (confidential informant) for various local law enforcement agencies, and that this is not the first instance of where he has sold vehicles to unsuspecting purchasers then subsequently filing claims of the vehicles having been stolen.  The seller in the instant case is (Michael Gruevara)[6] of Nassau County.

7.     The instant matter before this Court is a clear case of a governmental agency acting to illegally seize property from a citizen, and then while such property was held for a possible evidentiary nature, loose custody of such either by means of extreme negligence, or by outright malfeasance of office bordering upon, if not factually, a theft of personal property legally owned by the plaintiff. When as in the instant case before this Court, there is a showing of illegal seizure of property from a citizen, such acts as a

---

[4] See: Plaintiff's Exhibit #2 on file with this Court in plaintiff's reply to answer to defendants letter with respect to time bars previously submitted to This Court in November 2012, copies of which were sent to defendants counsel.
[5] Plaintiff upon information and belief believes that the vehicle was either sold at auction and/or illegally transferred to the person who sold the vehicle to plaintiff originally.
[6] Plaintiff had no further contact with the seller following purchase of the vehicle.

**SOMMERVILLE V. WRIGHT**                    3
**12-CV-165 (KAM) (JMA)**

violation of the Civil Rights of such citizen under color of law, especially in the instance of where that governmental agency or its agents act to subsequently loose or misplace such personal property, depriving the rightful owner of his right to use such personal property.

8.    Plaintiff has acted in good faith to recover his personal property, which apparently the defendants' have lost via either an illegal release of the vehicle to a third party or by means of outright theft.   Plaintiff seeks to recover his vehicle, or in the alternative damages in monetary settlement.  Defendants' have made an offer to settle that is both far below the actual value of the property that was seized, and otherwise insulting to plaintiff personally as the stated offer was in a minor amount, which did not include the fact that plaintiff was denied the use of his property for approximately three years, nor any improvements and accessories plaintiff added to the vehicle prior to its illegal seizure and subsequent impounding over a period of approximately three (3) years.

WHEREFORE, Plaintiff respectfully asks that if the defendants' do not wish to settle for a reasonable amount of compensation, that this matter be calendared to proceed to trial before a jury.

Dated: December 27, 2012
       Staten Island, New York

WESLEY SOMMERVILLE, Plaintiff Pro Se
260 Parkhill Avenue Apt. 60
Staten Island, New York 10304-4650

# EXHIBIT #1

F... COPY OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

CHARLES J. HYNES
*District Attorney*

## Complaint Room Screening Sheet

Screener: **Gabriel Huertas**
Screening date: **November 16, 2007**
180.80 Date: **11/21/07**
GJ Date: **11/20/07**          GJ Time: **09:00**

Bureau: Trial Bureau 5 - Orange

Narcotics: N

### Defendants

| Name - Last, First | Arrest Number | Sex | DOB | Age | Complaint/DP | Class | |
|---|---|---|---|---|---|---|---|
| SOMMERVILLE, WESLEY | K07703301 | M | 02/18/69 | 038 | 1 | Felony | Grand Jury |

Gang member ☐

### TPOs

| | Date/Time | | Place | PCT | Near School (If narcotics sale) |
|---|---|---|---|---|---|
| 1 | 12/12/06 13:30  to: | | ATLANTIC AVENUE & CARLTON AVENUE | 078 | ☐ |

### Arrests

| Defendant | Date/Time | Place |
|---|---|---|
| SOMMERVILLE, WESLEY | 11/16/07  17:20 | 65 6 AVENUE |

Circumstances: AT THE ABOVE MENTIONED ADDRESS.
Arrest Charges: PL 1654505  PL 1707002

### Complaint Charges

| SOMMERVILLE, WESLEY | TPO 1 | PL 165.05(1), PL 165.40, PL 165.45(5) |
|---|---|---|

### DEF WAS OBSERVED DRIVING A STOLEN VEHICLE

DEF WAS DRIVING A CHEVY CAPRICE NC LICENSE PLATE NO. NCBADBOZ.

AT THE TPO: PO WRIGHT OBSERVED THE DEF MAKE A RIGHT TURN ON RED LIGHT. PO WRIGHT PULLED THE DEF OVER. PO WRIGHT OBSERVED THAT THE VEHICLE WAS MISSING A FEDERAL DECAL ON THE DRIVER'S SIDE DOOR WHICH IS REQUIRED BY LAW.

DEF PROVIDED VALID REGISTRATION, INSURANCE, AND NY STATE DRIVER'S LICENSE.

AO IS PO WRIGHT'S PARTNER. AO ARRIVED AT THE SCENE TO ASSIST PO WRIGHT.

*AO AND PO WRIGHT INFORMED THE DEF THAT AO AND PO WRIGHT  WERE TAKING THE CAR BACK TO THE 78 PCT, AND THAT THE DEF COULD GET THE CAR BACK WHEN THE DEF PRODUCED THE TITLE FOR THE VEHICLE.*

IN JANUARY OF 2006, AO OBSERVED THAT THE VIN NUMBER INSIDE THE ENGINE COMPARTMENT DID NOT MATCH THE VIN NUMBER ON ANY OTHER PART OF THE VEHICLE. AO RAN THE VIN NUMBER FROM THE ENGINE COMPARTMENT AND OBSERVED THAT THE VEHICLE WAS REPORTED STOLEN ON 10/10/0? IN NASSAU COUNTY.

AO CONTACT THE CW. CW CAME TO THE 78 PCT AND POSITIVELY IDENTIFIED THE VEHICLE.

AO CONTINUED TO CONTACT THE DEF BUT DEF NEVER CONTACTED BACK.

ON 11/16/07, DEF CONTACTED THE AO IN REGARDS TO THE VEHICLE. AO THEN HAD THE DEF COME DOWN TO THE PCT AND AO PLACED THE DEF UNDER ARREST.

W. Sommerville
200 parkhill ave #6a
Staten Island Ny
10304

i 1201183299

Judge Kiyo Matsimoto
US district court
225 Cadmar Plaza east
Brooklyn Ny 11201

BKLYN-LMD-S14 #RM 1SA
07 JAN 2013 PM G 1