UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

WESLEY SOMMERVILLE,

                          Plaintiff,

  -against-

DETECTIVE WRIGHT and SERGEANT KELLY,

                       Defendants.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

12-CV-165 (KAM)(JMA)

**MATSUMOTO, United States District Judge:**

        On December 2, 2011, *pro se* plaintiff Wesley Sommerville ("plaintiff" or "Sommerville") filed the instant action pursuant to 42 U.S.C. § 1983 against defendants "NYPD et al.," Detective Lindsey Faye ("Faye"), Detective John Wright ("Wright"), Sergeant Kelly ("Kelly"), Confidential Informant # 06-001752, and Michael Guevara ("Guevara"). (*See* ECF No. 2, Compl. filed 12/2/11.) The events giving rise to the action occurred on December 12, 2006, when New York Police Department ("NYPD") officers stopped plaintiff and seized the vehicle he was driving. (*Id.* at 2-3.) Plaintiff alleges that the seizure of his vehicle violated his due process rights. (*Id.*) On February 29, 2012, the court granted plaintiff's motion to proceed *in forma pauperis*, and in the same order, dismissed with prejudice plaintiff's claims against defendants NYPD, Faye, Confidential Information # 06-001752, and Guevara. (ECF No. 9,

Mem. & Order dated 2/29/12.)

On January 7, 2013, plaintiff filed an amended complaint against the remaining defendants, Wright and Kelly ("defendants"). (ECF No. 28, Am. Compl. filed 1/7/13.) On April 25, 2013, defendants moved to dismiss plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims are time-barred and that his allegations fail to give rise to a cognizable Fourteenth Amendment procedural due process claim. (ECF No. 36, Defs.' Mem. of Law in Support of Motion to Dismiss filed 4/15/13.) On August 29, 2013, the court referred defendants' motion to dismiss to the Honorable Joan M. Azrack for a Report and Recommendation. (*See* Order Referring Motion dated 8/29/13.)

On February 7, 2014, Judge Azrack issued a Report and Recommendation recommending that defendants' motion be denied on two grounds. (ECF No. 39, Report and Recommendation dated 2/7/14 ("R&R").) First, the R&R concluded that defendants could not prevail on their arguments that plaintiff had received proper constitutionally-required notice in the form of a property voucher of post-deprivation state law remedies and that state law remedies were adequate. (*See* R&R at 10-18.) Second, the R&R determined that plaintiff's procedural due process claim was not time-barred because the injury did not accrue until

plaintiff learned that he had been permanently deprived of his property. (*See* R&R at 22.) The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 23 (citing 28 U.S.C. § 636(b)(1)).) Notice of the R&R was sent electronically to defendants via the court's electronic filing system on February 7, 2014, and the court mailed a copy of the R&R to plaintiff on February 7, 2014. The statutory period for filing objections has expired, and to date, no objections have been filed. (*See generally* Docket No. 12-CV-165.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Azrack's well-reasoned and very thorough Report and Recommendation, the court finds no clear error and hereby affirms and adopts the

Report and Recommendation in its entirety as the opinion of the court.  Accordingly, defendants' motion to dismiss is denied in its entirety.

The Clerk of the Court is respectfully directed to serve a copy of this order upon *pro se* plaintiff at his address of record on the docket within two days of the date of this Order.

**SO ORDERED.**

Dated:   February 25, 2014
         Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge